# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 17-00086-01-CR-W-BP |
| ) | |
| ROBERT L. MORGAN, ) | |
| ) | |
| Defendant. ) | |

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO SUPPRESS

Pending is Defendant's motion to suppress evidence. (Doc. 22.) On de novo review, the Court adopts Judge Hays' Report and Recommendation. The motion to suppress is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

The Court adopts the Report in its entirety, including its recommended findings of fact. In summary, on August 20, 2015, a dispatch was sent out stating three black males, one of whom was armed with a rifle, entered a home. The dispatch stated the men were in a white Mustang convertible and listed the license plate number. Officer John Mahoney radioed to add that the white Mustang convertible had been involved in a residential burglary. A few minutes later, Sergeant Dawn Jones saw a white Mustang convertible and requested backup as she stopped the vehicle to investigate. In fact, the vehicle Sergeant Jones stopped had a different license plate number than the one reported and had only two occupants instead of three: Daniel Hernandez, who is Hispanic, and Robert Morgan, who is African American. Hernandez and Morgan were then ordered to exit the vehicle, were searched, and handcuffed. The officers searched Morgan and

found a gun, a magazine, and a small amount of marijuana. The officers ran a computer check to search for outstanding warrants and discovered that Morgan had a previous felony conviction.

On March 7, 2018, Defendant was indicted on one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. 1.) On May 4, Defendant filed a motion to suppress, among other things, the firearm, magazine, and marijuana found on Defendant's person. The Report recommends denying Defendant's motion to this extent. In his objections to the Report and Recommendation, Defendant argues that the initial stop of the vehicle quickly escalated into an arrest, for which the officers lacked probable cause. Defendant also argues that any reasonable suspicion dissipated once the officers realized Hernandez and Defendant were not the subjects of the 911 call, therefore the gathering of information and evidence after this realization was in violation of the Fourth Amendment. For the following reasons, the Court adopts Judge Hays' Report and Recommendation and **DENIES** the motion to suppress the gun, magazine, and marijuana.[1]

## II. DISCUSSION

The Court adopts Judge Hays' recommendation in its entirety; this Discussion is meant augment her legal analysis. Defendant first argues that what was initially considered a *Terry* stop "immediately escalated" into an arrest, which required probable cause. Defendant claims that the police officers lacked probable cause to arrest Defendant, and consequently, the Court should suppress all of the evidence. (Doc. 42, p. 2.)[2] The Court does not agree that Defendant was arrested when he was removed from the car as he suggests. It is well-established that police may

---

[1] Defendant also sought to suppress statements he made to the police officers at the scene. The Report recommends granting the motion to this extent, and the Government has not objected to that aspect of the Report. Accordingly, the Court adopts the Report's recommendations and the request to suppress the statements made by Defendant at the scene is granted.

[2] All page numbers are those generated by the Court's CM/ECF system.

stop and question a person if they have a reasonable, articulable suspicion of criminal activity. *Terry v. Ohio*, 392 U.S. 1, 21 (1968). "When justifying a particular stop, police officers must be able to point to specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant that intrusion." *U.S. v. Sawyer*, 588 F.3d 548, 553 (8th Cir. 2009) (quoting *Terry*, 392 U.S. 1 at 21) (quotations omitted). Further, although "handcuffing an individual during a traffic stop may not be the norm, police officers engaged in an otherwise lawful stop must be permitted to take measures – including the use of handcuffs – they believe reasonably necessary to protect themselves from harm, or to safeguard the security of others." *U.S. v. Harvey*, 2015 WL 1197918 (W.D. Mo. 2015) (quotations omitted); *see also U.S. v. Martinez*, 462 F.3d 903 (8th Cir. 2006) (finding the use of handcuffs during an investigative stop did not convert the stop into an arrest). Sergeant Jones had a reasonable (though mistaken) belief that Hernandez and Defendant had just been involved in a residential burglary and possessed a rifle. Therefore, she was justified in briefly handcuffing and detaining Defendant during the investigative stop. *See, e.g., id.*; *Sawyer*, 588 F.3d at 553. As a result, the evidence should not be suppressed because Defendant's detention did not violate the Fourth Amendment.

Defendant next argues that even if Sergeant Jones had reasonable suspicion to stop the car, that reasonable suspicion dissipated once Sergeant Jones and the other officers realized that Hernandez and Defendant were not the subjects of the 911 call. Defendant claims once that determination was made, the police officers should have immediately released Defendant. (Doc. 42, p. 16.) The Court disagrees. Once a police officer makes a traffic stop, the officer may complete a number of routine but time-consuming tasks related to the stop. *See, e.g.*, *United States v. Espinoza*, 885 F.3d 516, 523 (8th Cir. 2018); *U.S. v. Olivera-Mendez*, 484 F.3d 505, 509 (8th Cir. 2007). This may include checking driver's license, vehicle registration, and criminal history.

3

*Id.* An officer may also run a computer check to determine whether there are outstanding warrants for any passengers in the car. *See, e.g.*, *Untied States v. McManus*, 70 F.3d 990, 993 (8th Cir. 1995); *United States v. Johnson*, 58 F.3d 356, 357 (8th Cir. 1995). Having carried out a valid traffic stop, the officers were justified in completing the routine computer check of Defendant, which alerted them to his prior criminal convictions. The Fourth Amendment was not violated.

## III. CONCLUSION

For these reasons, the Court adopts the Report and Recommendation of Judge Hays and **GRANTS** Defendant's motion insofar as it applies to statements made at the scene while Defendant was handcuffed. All other portions of Defendant's motion are **DENIED**.

**IT IS SO ORDERED.**

/s/ Beth Phillips
BETH PHILLIPS, JUDGE
DATE: December _10, 2018            UNITED STATES DISTRICT COURT